IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLEAN NANCE, #B60068, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:16-cv-00875-NJR-DGW |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| WEXFORD HEALTH SOURCES, INC., ) WARDEN OF MENARD ) CORRECTIONAL CENTER, JOHN R. ) BALDWIN, SALVADOR GODINEZ, ) STEVE MEEKS, JACQUELINE ) LASHBROOK, JOHN TROST, M.D., ) RONALD SKIDMORE, ANNA L. ) SCHOTT, FE FUENTES, KIMBERLY ) BUTLER, RASHIDA POLLION, ADRIAN ) FEINERMAN, ROBERT SHEARING, ) JOHN SHEPHERD, SAMUEL ) NWAOBASI, MAGID FAHIM, and ANGEL ) RECTOR ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY (DKT. 224)**

Plaintiff Ellean Nance ("Plaintiff"), by and through his attorneys, and pursuant to Local Rule 7.1(g), move to strike Defendants' February 7, 2019 Reply To Plaintiff's Response To Defendants' Motion For Leave (Dkt. 224) for failure to comply with Local Rule 7.1(g):

1. Local Rule 7.1(g), which governs motion practice in this Court, states:

> A party opposing a motion… shall have **14 days** after service of the motion to file a written response… A reply, if any, shall be filed with **7 days** of the service of the response. **Reply briefs are not favored and should be filed only in exceptional circumstances.** <u>The party filing the reply brief shall state the exceptional circumstances</u>… If a party believes it is necessary to supplement its brief with new authority due to a change in the law or the facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief.

(SDIL-LR 7.1(g) (**bolded** emphasis in original, <u>underlined</u> emphasis added).)

2. Local Rule 7.1(g) expressly prohibits Reply briefs absent "exceptional circumstances" and requires any party filing a reply to "state the exceptional circumstances." Defendants' February 7, 2019 Reply To Plaintiff's Response To Defendants' Motion For Leave (Dkt. 224) violates this Rule. Defendants' Reply states no "exceptional circumstances" as to why a reply was necessary. Instead, the Reply attempts to distinguish the Court's prior order on exhaustion from the Defendants' proposed motion for summary judgment, and argues there would allegedly be no prejudice if leave were granted. These arguments could have been made in Defendants' original January 17, 2019 Motion for Leave (Dkt. 221).

3. Defendants' Reply also is not a submission of new, supplemental authority, which would require leave under Local Rule 7.1(g). Instead, Defendants' Reply cites cases from 2008, 2014, and 2018, all of which pre-date Defendants' January 17, 2019 Motion for Leave (Dkt. 221).

4. Plaintiff would be prejudiced if the Reply is not stricken because Plaintiff has no opportunity to file a response to the arguments therein. (SDIL-LR 7.1(g) ("Under no circumstances will sur-reply briefs be accepted.").)

For the above reasons, Plaintiff respectfully requests that the Court strike Defendants' February 7, 2019 Reply To Plaintiff's Response To Defendants' Motion For Leave (Dkt. 224) for failure to comply with local rules.

Dated: February 7, 2019                               Respectfully submitted,

/s/ *Amanda J. Hollis*
Amanda J. Hollis
Rebecca C. Fitzpatrick
Nikhil Krishnan
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
amanda.hollis@kirkland.com
rebecca.fitzpatrick@kirkland.com
nikhil.krishnan@kirkland.com

## **CERTIFICATE OF SERVICE**

I, Amanda Hollis, hereby certify that on the 7th day of February, 2019, I caused a true and correct copy of the foregoing to be filed electronically. Notice of this filing will be sent to the notice parties by operation of the Court's electronic filing system.

                                                         */s/ Amanda J. Hollis*
                                                         Amanda J. Holllis