IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELLEAN NANCE,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,

    Defendants.

Case No. 3:16-CV-875-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    This matter is before the Court on Defendant Wexford Health Sources, Inc.'s Second Motion for Reconsideration. (Doc. 315). On March 26, 2020, the Court denied summary judgment to both Wexford and to Defendant Rashida Pollion, a Wexford employee. (Doc. 300). Upon reconsideration of that order, the Court granted summary judgment to Pollion but found no manifest error of law in its prior decision denying judgment as a matter of law to Wexford. Wexford now asks the Court to reconsider its order yet again and grant it summary judgment.

    Motions to reconsider an interlocutory order are properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a

party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

Here, Wexford has failed to present any manifest errors of law or fact. Wexford first argues the Court erred in denying it summary judgment because there was no evidence that had Nance been diagnosed sooner, his condition would be better today. Wexford claims that because injury is an element of Nance's claim against Wexford, the Court was wrong to deny Wexford summary judgment.

As the Court noted in its prior order, however, there was ample evidence from which a jury could find that Nance suffered harm. There was testimony that Nance likely had hepatitis in 2013, which went undiagnosed. There also was evidence that Nance was a candidate for diagnosis and treatment in 2013 when his AST and ALT levels were abnormal. (Doc. 287-4 at p. 13). The parties' experts further agreed that treatment for hepatitis can reduce the risk of developing cirrhosis, and both experts agreed that Nance had cirrhosis by at least May 2015. True, the Court found that the six-month delay in hepatitis testing caused specifically by Pollion's actions did not likely exacerbate Nance's injuries. This conclusion with regard to Pollion does not prevent a jury from finding that Wexford's policies prevented Nance from being tested, diagnosed, and treated earlier, possibly preventing his cirrhosis.

Wexford also argues that a *Monell* claim cannot survive as to the corporate defendant after a finding that the plaintiff's constitutional rights were not violated by the employee. As the Seventh Circuit in *Whiting v. Wexford* explained, however: "Our decision in *Thomas* makes clear that *Monell* liability does not always require a finding of individual liability. . . . But if the plaintiffs theory of *Monell* liability rests entirely on individual liability, as Whiting's does here, negating individual liability will automatically preclude a finding of *Monell* liability." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016) (citing *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2009)). Here, Nance's theory of liability does not rest on the individual liability of Pollion or any other previously dismissed defendant. Thus, Wexford's argument fails.

For these reasons, the Second Motion for Reconsideration filed by Defendant Wexford Health Sources, Inc. (Doc. 315) is **DENIED**. This case will be set for a status conference by separate order for the purpose of selecting a trial date and discussing whether the case should be referred for a settlement conference.

**IT IS SO ORDERED.**

DATED:   September 20, 2021

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**