**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ELLEAN NANCE,

                  **Plaintiff,**

v.

WEXFORD HEALTH SOURCES, INC.,

                 **Defendant.**

**Case No. 16-cv-875-NJR**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter came before the Court on motions *in limine* filed by Plaintiff Ellean Nance (Doc. 367) and Defendant Wexford Health Sources, Inc. (Doc. 364). The Court addressed the motions during a telephonic status conference on September 1, 2022. The rulings are summarized below.

    **1. Wexford's Motions *in Limine***

**Motion *in Limine* #1**: Wexford seeks to bar all undisclosed expert opinions including Dr. Aronsohn's testimony about Wexford and Dr. Trost's testimony about testing policies. The motion is **GRANTED in part**; Dr. Aronsohn can testify, but he is limited to opinions that are in his report. The Court reserved ruling on Dr. Trost's testimony about testing policies until the Court reviews Dr. Trost's entire deposition testimony and the context of his statements.

**Motion *in Limine* #2:** Wexford seeks to bar testimony regarding claims not raised in the Fourth Amended Complaint. Nance still seeks to offer evidence about vaccinations

Page 1 of 5

in the Illinois Department of Corrections ("IDOC"), and the failure of Wexford to train and properly staff facilities, but the Court has already determined that these issues are not part of the remaining claim (*See* Doc. 371). Nor are the actions of individual treaters part of the remaining claim. Nance is reminded that his claim is limited to the statement in the Final Pretrial Order regarding the nature of case (Doc. 372). The nature of the case is limited to Wexford's policy regarding testing. Nance cannot offer testimony of the dismissed defendants' actions or actions not identified in the nature of the case. The Court reserves ruling on any specific testimony and will take up the issue as it arises at trial.

**Motion** *in Limine* **#3**: Wexford also seeks to bar evidence of settlement discussions between the parties. Typically, there is no objection from a plaintiff but here Nance objects, arguing that an email between counsel during settlement negotiations can be used for other purposes. But the Court finds no valid purpose for the use of this email at trial. Wexford's motion is, thus, **GRANTED**.

**Motion** *in Limine* **#4**: Wexford seeks to bar any testimony regarding the monetary value of a liver, but Nance indicates that he will not offer any such testimony. The motion is **MOOT**.

**Motion** *in Limine* **#5**: Wexford seeks to bar any testimony regarding damages from Dr. Aronsohn or Nance. This motion is closely related to motion *in limine* #1 which focuses on the scope of Dr. Aronsohn's testimony at trial. The Court will need to review Dr. Aronsohn's report prior to making a determination as to his testimony. Thus, the Court reserves ruling on the motion to the extent Wexford seeks to bar specific testimony from Dr. Aronsohn.

As to Nance, he can testify about his own perceptions of his pain and whether his pain continued or worsened. He cannot, however, offer a medical diagnosis or testify that a diagnosed medical or mental health condition was caused by a delay of treatment.

**Motion** *in Limine* **#6**: Wexford also seeks to bar any testimony regarding emotional damage that Nance suffered as a result in the delay of his diagnosis. The Court will allow Nance to testify as to his emotional damages because 42 U.S.C. § 1997e(e) permits recovery for "mental or emotional injury" if accompanied by a prior showing of physical injury. The motion *in limine* is **DENIED**.

**Motion** *in Limine* **#7**: Wexford seeks to bar testimony regarding subsequent remedial measures including any changes in testing policies as those were the result of nationwide guideline changes. The motion is **GRANTED in part**. To the extent Nance decides at trial to elicit such testimony, the issue should be raised with the Court prior to any testimony on this topic.

**Motion** *in Limine* **#8 and #9:** To the extent that Wexford seeks to bar the introduction of medical literature, including CDC guidelines, the motion is **DENIED without prejudice**. Wexford may make specific objections at trial once it is determined what literature Nance seeks to present at trial.

**Motion** *in Limine* **#10**: To the extent that Wexford seeks to bar testimony about the treatment of other inmates for Hepatitis B, the motion is **GRANTED in part**. Nance does not intend to present any testimony about the treatment of other inmates at this time.

**Motion** *in Limine* **#11**: Wexford also seeks to bar testimony from Nance about

statements from non-party medical providers including dismissed defendants. The motion is **DENIED without prejudice; t**he Court will take up any specific objections to testimony at trial.

Motion *in Limine* **#12**: To the extent that Wexford seeks to bar presentation of its contract with IDOC, that motion is **GRANTED**. There is no indication at this time that the contract is relevant to the remaining claim in this case. As with all of the Court's rulings on the motions *in limine*, the parties may raise the issue at trial should Nance seek to present evidence regarding the contract.

2. **Nance's Motions** *in Limine*

Motion *in Limine* **#1**: To the extent that Nance seeks to bar testimony or evidence about his prior use of alcohol that motion is **TAKEN UNDER ADVISEMENT**. Nance could certainly open the door during his testimony and there appears to be a disagreement as to his deposition testimony regarding the nature and frequency of his alcohol use while in prison.

Motion *in Limine* **#2**: To the extent that Nance seeks to bar testimony or evidence regarding the dismissal of previous defendants in this case, the Court **DEFERRED** ruling on the motion. The Court will address any issues with such testimony as the issue comes up at trial.

Motion *in Limine* **#3**: Nance seeks to bar testimony or evidence about the current state of his Hepatitis B and cirrhosis. This motion is **DENIED without prejudice** because Nance's current condition is relevant to his claim for damages.

Motion *in Limine* **#4**: The motion is **GRANTED in part**. To the extent Nance seeks

to bar evidence of his criminal convictions, Wexford is allowed to introduce evidence/testimony regarding the number of felony convictions for which Nance is currently incarcerated. Wexford shall not elicit any further testimony regarding the nature of those convictions or the sentence that Nance received as such testimony would be highly prejudicial and outweighs the probative value of the evidence.

**Motion** *in Limine* **#5**: Finally, to the extent that Nance wishes to appear at trial in civilian clothes and without shackles, the request is **GRANTED**. Nance may appear in civilian clothes, and counsel may provide Nance with clothes to wear at trial. To the extent Nance seeks to remain unshackled during the trial, the Court will defer to the security concerns of IDOC personnel at the time of the trial. The Court will make every effort that any shackles will not be seen by the jury during the course of the trial.

**IT IS SO ORDERED.**

**DATED:   September 6, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**